Chief Justice Robertson,
delivered the opinion of the court.
This is a suit in chancery instituted by Jacob Curts, against the Trusteess of Bardstown, for a conveyance to two lots containing, in the aggregate, half an acre. On the petition of James Green, he was also made a defendant.
The bill alleges, in substance, that Conrod Curts improved the two .lots in 1782, by building a house on each; conformably to a proposition in writing, made prior to that time, by William Bal’d, the agent *537 of David Bard and John Cockey Owings, who then owned the town of Salem, now Bardstown, and 1000 acres of land including it; and which proposition and consequent improvement, entitled said Conrod to legal title from the trustees in whom the title had been vested, by an act of 1785, of the Virginia Legislature: that Conrod Curts lived several years on the lots, which are coterminous; and in 1790 conveyed them to the complainant, Jacob Curts.
The trustees admit the agency of William Bard, and the terms proposed by him to settlers, as alleged in the bill, but deny the equity asserted.
Green admits nothing, and insists,
1st. That he is a Iona fide purchaser from a purchaser from J. C. Owings; and that he, and those under whom he holds, had been at least 30 years in the undisturbed possession of the lots.
2nd. That the equity, in this case, is barred by a decree, affirmed by this court, dismissing absolutely a former bill, filed by the same Jacob Curts, against Atkinson Hill and the heirs of Bard and Owings and asserting the same equity as that now set up.
It appears that Conrod Curts was once equitably entitled to at least one of the lots, in consequence of settlement and improvement, according to terms proposed by William Bard, who seems to have had competent authority: and in that particular this case differs materially from that pleaded as a bar, and reported in III. Bibb (p. 463.) But we, nevertheless, approve the decree of the circuit court, in this case, dismissing the bill, and will affirm it' for three reasons.
1st. Atkinson Hill, claiming to hold the legal title derived from J. C. Owings, who had acquired all David Bard’s interest in the 1000 acres, made deed for the two lots in controversy to Mrs. Roach, in 1808, pending the suit between Curls and Hill; and she made a similar deed to Green, in 1818: and the possession has been held under Hill’s claim ever since 1803. This suit was not brought until 1824. The equity should, therefore, be barred by time. It is true that Benjamin-Fry entered on the lots under the claim of the appellant, in 1794, and in 1803 as *538 signed the appellant’s bond for a title to Micajab Roach; but it is equally true, that the bond was, in the same year, (1803) restored to the appellant; and ever afterward, Roach, and those holding under claimed to h°ld al'der Hill: and we cannot doubt that the attornment to Hill was with the assent of the appellant; consequently the possession, ever s'nce restitution of the bond in 1803, must be deemed adverse to the claim of the appellant,
Twenf years adverse" possession,deci-bar to an a equitable claim to land»
Former decree dismiss-inga bill for t^i*1 a^bar'to affuture suit° which seeks í/'-f'notwith" standing allóf the proper parties were ■beforethe ^ court in the •former suit-
2nd. If the bond was not restored to the appellant, he should be estopped by it in equity. If it was restored, the facts render it strongly probable that the parties compromised the conflicting claims of Hill and the appellant; and that, in consequence of that adjustment, Roach, who seems to have bought both claims, gave up the bond on the appellant, with the understanding that he was to hold the lots, but that the appellant should not be liable to him for the title, in consequence of the bond and of the claim of Hill. However this may, in fact, be, the record exhibits this point in such a manner as to render the appellant’s equity too questionable to justify the relief which he seeks.
3rd. f°rmer decree is a bar. It is true that the legal title to the lots may have been, and may yet be, in the trustees: but they held the title for the beneGt ('le proprietor, Owings, and of all others who, by contractor otherwise, had acquired a beneficial interest. The trustees ought to have been made Parí'es» because, otherwise, complete relief could no*- have been decreed to the appellant, in that case, even if he had shewn himself entitled to any relief, gut his bill was dismissed on the merits, because he fa'led to shew that he had any equity whatever. It is not material whether or not it now appears that Hill never had the legal title. The former decree decided that the appellant had no equity; and he sought, in that case, precisely what he is now seeking. Nor is it material that, in that case, all the propeF parties were not before the court. The bill was not dismissed for want of parties, but for want of equity. Nor is it material whether the opinion rendered by this court, in that case, was right or wrong, it is an effectual bar to the appellant’s *539 equity, as against Hill; and, consequently, must be as effectual in favor of his pendente lite vendee (Mrs. Roach) and her vendee, Green. If, as against the appellant is not entitled to the lots, he should not have a decree against the trustees for a title.
Hardin for appellant; Rudd and Chapeze for appellees.
Wherefore the decree of the circuit court in this case is affirmed.